*CLOSED*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANK DELLI SANTI, | |
| Plaintiff, | Civil Action No. 09-1348 (SRC) |
| v. | **ORDER** |
| PANTHERLAKE RESORT and FRANK KIMER, | |
| Defendants. | |

**CHESLER, District Judge**

    **THIS MATTER** comes before the Court on its own motion to dismiss the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because pro se Plaintiff Frank Delli Santi has applied to proceed *in forma pauperis*, § 1915 authorizes this Court, on its own motion, to dismiss a complaint which fails to state any valid claim for relief.

    The instant Complaint is the exact same Complaint filed by Plaintiff in <u>Delli Santi v. Pantherlake Resort, et al.</u>, Civil Action No. 09-1347, which was previously dismissed because the Complaint failed to state any valid claim for relief. To reiterate the Court's conclusion in that case, the unsigned Complaint does not articulate formal claims, but such is not required by Federal Rule of Civil Procedure 8(a). Instead, in two pages of ordinary language, the Complaint alleges facts supporting claims that Defendant landlord harassed the Plaintiff tenant and refused to renew his lease for 2007. The Complaint makes passing reference to violations of federal

housing laws as well as violation of Plaintiff's civil rights, but does not explain such claims.

As stated above, § 1915 authorizes this Court, on its own motion, to dismiss a complaint which fails to state any valid claim for relief. This requires examination of the Complaint to determine whether it is valid under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) requires that a Complaint articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

Rule 8(a) requires that the Complaint provide a short and plain statement of the grounds on which the Court's jurisdiction depends. The Complaint makes no such statement, but it appears that Plaintiff relies on federal question subject matter jurisdiction. Plaintiff's Complaint fails to state a valid claim for relief under federal law. The Complaint does not allege sufficient facts to meet the pleading requirements of Twombly for any federal claims. The Complaint does not allege sufficient facts to raise the right to relief under federal civil rights law or the federal Fair Housing Act above the speculative level. The Complaint does not appear to give this Court any basis to assume subject matter jurisdiction. As such, the Complaint will be dismissed without prejudice.

For the reasons stated above, and for good cause shown,

**IT IS** on this 30th day of July, 2009

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is granted, pursuant to 28 U.S.C. § 1915(a); and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that this case is CLOSED.

       s/ Stanley R. Chesler
       Stanley R. Chesler, U.S.D.J.